PETRIE v. BOYLE ET AL.

1. **Practice**: VERDICT: ERROR WITHOUT PREJUDICE.  A party is not deprived of his right to a judgment on the verdict of a jury in his favor by the fact that special interrogatories were erroneously submitted to the jury by the court, where the answers to such interrogatories in no manner conflict with the general verdict, and their submission could not have been prejudicial.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, JUNE 8.

THERE are three counts in the petition.  The first seeks to recover under a contract made in 1865, whereby the plaintiff performed labor for the defendant until 1878, for a specified compensation.   The second count alleged the plaintiff had worked for the defendants from 1865 to 1878, and that she was entitled to recover what her services were reasonably worth.   The third count need not be set out.   The answer consisted of a general denial and certain special defenses, which it is unnecessary to state at length.

There was a trial by jury, and certain special interrogatories were submitted to them.  The general verdict was in favor of the plaintiff for three hundred dollars.   The plaintiff moved for judgment and the defendant for a new trial.   The latter was sustained and the plaintiff appeals.

*Stuart Bros.* and *Likes & Cherry,* for appellant.

*M. L. Temple* and *Henry Stivers,* for appellees.

SEEVERS, J.—The special interrogatories were submitted to the jury on motion of the court, at the time the instructions were given, and were as follows:

"1. Did the plaintiff, after she became 18 years of age, request to leave the employ of the defendants and marry a suitable man to whom she was at that time engaged, and who wished to marry her; and if after so expressing herself, did she still remain at the request and solicitation of the defendants and work for them until she finally got married?

Answer—Yes.

"2. How long did plaintiff work for defendants after such request to leave (if she made such request), referred to in prior interrogatory?

" Answer—About three years.

"3. What was plaintiff's labor reasonably worth during the time she stayed with defendants, referred to in the two prior questions?

" Answer—Three Hundred Dollars."

A new trial was granted on motion of the defendants, on the sole ground the court had erred in submitting the interrogatories to the jury. The grounds upon which the court proceeded are not stated in the abstract, but we are advised by counsel for the appellees the interrogatories were not submitted to them before the "argument to the jury was commenced," and therefore the new trial was granted.

The Code provides the jury " may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact, to be stated to them in writing, which questions of fact shall be submitted to the attorneys of the adverse party, before the argument is commenced. Code, § 2808.

It is clear, when interrogatories are propounded at the instance of one party, they must be submitted to the adverse party, before the argument is commenced. But is this so when they are submitted on motion of the court; in such case, can it be said there is an adverse party, or should the statute

be so construed as to permit the court in the furtherance of justice to submit special interrogatories to the jury, without submitting them to either party? It not being necessary to determine this question, we pass it.

The petition claimed to recover a reasonable compensation for labor, done during the period from 1865 to 1878. The special interrogatories are confined to a portion only of that time, and the jury have found in their answers thereto that the plaintiff worked for the defendants for three years, at their request, and that a reasonable compensation therefor was three hundred dollars. As the general verdict was for the same amount, it is evident the general and special verdicts do not conflict, but are strictly in accord with each other, and are, without doubt, based on the same thing.

1. PRACTICE: verdict: error without prejudice.

Conceding the special interrogatories were improperly submitted to the jury, can it be said the defendants were prejudiced? It cannot be presumed the jury were influenced in finding the general verdict, because of the submission of the special interrogatories. The plaintiff was entitled to judgment on the general verdict, and the special verdict does not take away or affect such right, nor in our opinion can it be said the defendants have been in any manner prejudiced. It is said the interrogatories are misleading and do not call for ultimate facts. This may be admitted, but as the plaintiff's right to judgment on the general verdict is in no manner aided, or adversely, affected thereby, it cannot be said they were prejudicial.

We have noticed all that has been said by counsel for the appellee in their argument, but, notwithstanding what is said, believe the case to have been fairly and fully presented to the jury, that they were fully warranted, under the evidence, in finding the general verdict, and that the court erred in setting it aside.

REVERSED.